UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CHARLES RICHARDSON** | **CASE NO. 2:21-CV-03522** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **TANDEM DIABETES CARE INC** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Defendant's Motion for Dismissal Pursuant to 12(b)(6)" (Doc. 15). Defendant Tandem Diabetes Care, Inc. ("Tandem") maintains that Plaintiff has failed to state a claim for relief and moves to dismiss the instant lawsuit.

## BACKGROUND

Plaintiff, Charles Richardson, is the surviving spouse of Kathy Richardson. Mrs. Richardson was a lifelong diabetic requiring insulin.[1] In 2020, Tandem provided Mrs. Richardson a reconditioned insulin pump—t:slim X2, Basil IQ.[2] The pump malfunctioned in July 2020, causing Mrs. Richardson to seek emergency medical care on several occasions.[3] On or about August 5, 2020, the pump malfunctioned allegedly causing Mrs. Richardson's death. Mr. Richardson is seeking survival and death damages, including mental anguish and emotional distress, loss of consortium, and medical and funeral expenses.

---

[1] Petition for Damages, ¶ 2, Doc. 1-2.
[2] *Id.* ¶ 4.
[3] *Id.*, ¶ 5.

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point

necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955.

## **LAW AND ANALYSIS**

Tandem argues that Plaintiff's Petition fails to plead a claim under the Louisiana Products Liability Act ("LPLA") and Rule 12(b)(6) liability because the factual allegations are insufficient.  Tandem also argues that the Petition asserts claims that fall outside of the four exclusive claims set forth under the LPLA. Next, Tandem argues that the Petition is does not assert sufficient facts for the Court to infer that the product caused the alleged damages and the death of Plaintiffs' spouse. Finally, Tandem argues that the Petition is devoid of any allegations of any unreasonably dangerous defect, and therefore, it fails to state a valid claim against Tandem.

*Claims pursuant to the LPLA*

The LPLA provides the exclusive means to pursue liability against manufacturers for damage caused by their products. Louisiana Revised Statute § 9:2800.52. To state a claim under the LPLA, the plaintiff must establish that: (1) the defendant is the manufacturer of the product; (2) the injury or damage was proximately caused by a characteristic of the product; (3) the characteristic made the product "unreasonably dangerous"; and (4) the damages arose from a reasonably anticipated use of the product. *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 260-61 (5th Cir. 2002) (*citing* Louisiana Revised Statute § 9:2800.54(A).

To maintains a successful products liability action under the LPLA, a plaintiff must establish four elements: (1) defective construction or composition; (2) defective design; (3) due to inadequate warning; or (4) due to nonconformity to an express warranty. *See* § 9:2800.54(B); *Stahl*, 283 F.3d at 261. Consequently, Plaintiff must allege facts that identify the "unreasonably dangerous" and therefore, defective condition of the product, and allege that such defect proximately caused the damages. *Id.*

Tandem argues that the Petition is deficient because it does not identify any unreasonably dangerous characteristic, or allege that any characteristic of the product proximately caused the damages. Plaintiff alleges that "the proximate cause of the death of KATHY RICHARDSON on August 5, 2020, was the defective insulin pump provided by

defendant, TANDEM DIABETES CARE, INC."[4] The Court agrees with Tandem that this allegation is conclusory and unsubstantiated by factual allegations.

As to the insulin pump being "unreasonably dangerous in construction of composition" (§ 9:2800.55), Tandem asserts that the Petition fails to allege facts as to how the insulin pump deviated in any material way from Tandem's manufacturing specifications. *See Roman v. Western Mfg. Inc.*, 691 F.3d 686, 698 (5th Cir. 2012) (*citing Jenkins v. Int'l Paper Co.*, 945 So.2d 144,150 (La.App. 2 Cir. 11/15/06). The Court agrees with Tandem that the Petition fails to meet the standards necessary to survive a motion to dismiss pursuant to Rule 12(b)(6) as to the insulin pump being unreasonably dangerous in construction of composition.

Tandem complains that the Petition does not allege facts as to how the insulin pump was defective in design and the Petition does not allege that there existed an alternative design for the device at issue that was capable of preventing the damages, which is an essential element of a design defect claim. *See* Louisiana Revised Statute § 9:2800.56(1). *See also Kennedy v. Pfizer, Inc.*, 2014 WL 4092918, *3 (W.D. La. August 15, 2014). Again, the Court agrees with Tandem that the Petition fails to allege how the insulin pump's design was defective, what aspect of the design caused injury, or how the defective design related to Decedent's injuries.

Tandem remarks that even though the Petition does not attempt to assert a claim for inadequate warning and a breach of express warranty claim, the Petition is deficient for

---

[4] Doc. 1-1, ¶ 7.

failure to allege facts to support these claims. The Court agrees that the Petition fails to assert a claim for inadequate warning and breach of express warranty claim.

Unfortunately, Plaintiff's response to the instant motion is as scant as his Petition. Plaintiff generally remarks that its Petition, filed in state court, sufficiently puts Defendant on notice of a claim under the LPLA. Plaintiffs assert that Decedent's "reconditioned" insulin pump malfunctioned and was defective and therefore was an unreasonably dangerous product. Plaintiff argues that its factual allegations that the "reconditioned" characteristic of Defendant's insulin pump is defective and unreasonably dangerous meets the requirements of the LPLA. The Court disagrees and finds that the facts plead do not allow the Court to draw a reasonable inference that the Defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 678, 129 S.Ct. 1937 (2008).

Plaintiff asserts that the instant motion is premature because discovery is in the initial stage, and thus Plaintiff has not determined who "reconditioned" the insulin pump. Plaintiff requests additional time to amend and supplement the Petition upon discovery of additional facts. This lawsuit was removed to this Court on October 7, 2021, and therefore the Court recognizes that the matter is in its infancy, as well as Plaintiff's need for additional discovery to obtain facts necessary to properly allege his claims. For that reason, the Court will allow Plaintiff additional time for discovery and to amend his complaint. However, because the Petition fails to assert a claim for an inadequate warning claim and a breach of express warranty, the claims will be dismissed.

## **CONCLUSION**

For the reasons set forth herein, the Court will grant Tandem's motion to dismiss Plaintiffs' inadequate warning claim and a breach of express warranty but will otherwise deny the motion and allow Plaintiff to conduct discovery and amend the Petition to cure the deficiencies found herein.

**THUS DONE AND SIGNED** in Chambers this 18th day of May, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE